760 October 30, 2024 No. 771

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

GWENDOLYN KAY McGUIRE,
*Defendant-Appellant.*

Tillamook County Circuit Court
23CR05450, 23CR08563; A181796 (Control), A181797

Jonathan R. Hill, Judge.

Submitted September 13, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Nora Coon, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and E. Nani Apo, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

LAGESEN, C. J.

In Case Number 23CR08563, conviction on Count 2 reversed and remanded; remanded for resentencing; otherwise affirmed. In Case Number 23CR05450, affirmed.

**LAGESEN, C. J.**

In this consolidated appeal, defendant challenges her conviction for second-degree disorderly conduct. After a jury trial, defendant was convicted in Case No. 23CR05450 of failure to perform the duties of a driver, ORS 811.700 (Count 1), and she was convicted in Case No. 23CR08563 of resisting arrest, ORS 162.315 (Count 1), and second-degree disorderly conduct, ORS 166.025 (Count 2). At the close of the state's case, defendant moved for a judgment of acquittal on all counts. The trial court denied the motion. On appeal, the state concedes that there was insufficient evidence to prove all the elements of second-degree disorderly conduct. We accept the concession as well taken. We reverse the conviction on that count.[1]

"We review the denial of a motion for judgment of acquittal to determine whether, viewing the evidence in the light most favorable to the state, a rational factfinder could have found all the elements of the charged crime beyond a reasonable doubt." *State v. Curiel*, 316 Or App 215, 218, 504 P3d 629 (2021). A person commits the crime of second-degree disorderly conduct if, "with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof," the person "[o]bstructs vehicular or pedestrian traffic on a public way[.]" ORS 166.025(1)(d). A person acts intentionally when the person "acts with a conscious objective to cause the result or to engage in the conduct so described." ORS 161.085(7).

Here, in charging defendant with disorderly conduct, the state alleged that defendant acted intentionally. At trial, Corporal Ault testified that defendant's vehicle was blocking access to a homeowner's driveway. Defendant was sleeping in the car when Ault arrived. Ault "knocked on the window and attempted *** to assist in getting the car at least moved out of the driveway." Defendant said the car would not start. Defendant was not "cooperative" with Ault's efforts to move the car. Ault became aware that there was a warrant for defendant's arrest. Ault placed defendant under arrest and physically removed her from the car.

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel.

When defendant moved for a judgment of acquittal, she challenged whether the state proved the intent element. In denying the motion with respect to the charge of second-degree disorderly conduct, the trial court relied on the evidence that defendant's car was blocking the homeowner's driveway. But the trial court did not address whether there was evidence to show that defendant acted "with intent to cause public inconvenience, annoyance, or alarm." We agree with the parties that there was no evidence to show that defendant acted with the requisite intent. We therefore reverse defendant's conviction for second-degree disorderly conduct.

In Case Number 23CR08563, conviction on Count 2 reversed and remanded; remanded for resentencing; otherwise affirmed. In Case Number 23CR05450, affirmed.